IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THERESA RUSSELL, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No: |
| | ) | |
| vs. | ) | |
| | ) | |
| HOUSING AUTHORITY OF | ) | |
| THE CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant | ) | |

COMPLAINT

AND NOW comes the Plaintiff, Theresa Russell, by her attorney Melvin L. Vatz and sets forth the following:

1. The Plaintiff is Theresa Russell, an individual who resides at 3721 Millertown Avenue, Pittsburgh, Pennsylvania 15212.

2. The Defendant is the Housing Authority of the City of Pittsburgh, a municipal authority constituted under the laws of the Commonwealth of Pennsylvania which is located at 200 Ross Street, First Floor, Pittsburgh, Pennsylvania 15219.

3. This court has jurisdiction over this complaint.  The complaint alleges violations of federal statutes, to wit, the Americans with Disabilities Act, 42 U.S.C. §12101 et seq. and the Family Medical Leave Act, 29 U.S.C. §2601 et seq.  Federal question jurisdiction is conferred on this court pursuant to 28 U.S.C. §1331.

4. The Plaintiff filed a timely charge of discrimination pursuant under the Americans with Disabilities Act with the Equal Employment Opportunity Commission at EEOC Charge No. 533-2015-324.

5. A dismissal and Notice of Suit Rights was issued by the Equal Employment Opportunity Commission on February 2, 2015.

FACTUAL BACKGROUND

6. The Plaintiff was employed from on or about August 4, 2004 through the date of her last employment on July 24, 2014 with the Defendant as a Family Self-Sufficiency Service Coordinator.

7. During the course of her employment, the Plaintiff suffered numerous serious medical conditions which required her to exercise leave pursuant to the Family Medical Leave Act.

8. Specifically, the Plaintiff exercised family medical leave in 2010, 2011 and 2012.

9. The medical conditions necessitating her exercise of family medical leave included breast cancer (requiring surgery), anxiety and depression, and gastric bypass surgery.

10. On or about June 2, 2014, the Plaintiff sought family medical leave for her serious medical condition of a hernia, requiring surgery, and leave was granted for the period of June 2, 2014 through June 30, 2014.

11. After undergoing surgery and experiencing complications from that surgery, the Plaintiff's family medical leave was extended until July 21, 2014.

12. The Plaintiff was released to attempt to return to work as of July 21, 2014.

13. The Plaintiff worked at a job site in the Manchester section of Pittsburgh.  The Plaintiff reported to that work site on the morning of July 21, 2014, and then proceeded to a meeting at the Defendant's headquarters at the Ross Street location.

14. At the Ross Street headquarters the Plaintiff reported to the Human Resources Department and spoke to a Human Resource Generalist, Daniella, about paperwork required for her return to work.

15. During her meeting with Daniella, she was informed that she was required to take a drug test to return to work.

16. After being informed of this, the Plaintiff told Daniella that a few weeks prior she was experiencing significant abdominal pain and took a few puffs of a marijuana cigarette, believing that that might alleviate her pain.

17. The Plaintiff also informed Daniella at that time of her significant emotional issues relating to the murder of her son two years prior.

18. The Plaintiff became extremely emotional in this meeting and was assured by Daniella not to worry about the drug test.  Daniella also advised her that she should consider consulting the Employee Assistance Program for her various issues.

19. The Plaintiff was directed to go to a medical facility on the South Side of Pittsburgh to undertake the drug test.

20. The Plaintiff left the Ross Street office to return to get her car.  As she returned to her vehicle on the North Side, she felt ill, and drove to her doctor's office located on the South Side of Pittsburgh.

21. Plaintiff was examined by her doctor who advised her that she was not capable of continuing to work on that date and her doctor then faxed an off-work slip to the Defendant, with a return to work date of July 28, 2014.

22. After leaving her doctor's office, the Plaintiff called the Defendant and spoke again to their Human Resource representative, asking whether she should take the drug test, as

her doctor had advised her to extend her medical leave due to her continued illness.  The Plaintiff only reached a voicemail and did not receive a return call as to taking the drug test that day.  The Plaintiff did not return to work, and after waiting approximately 45 minutes, proceeded back to her home.  She did not go to the drug testing facility for a drug test.

23. Plaintiff then called the drug testing facility, Concentra, and spoke to an employee about whether she should come in to take the drug test.  The employee told Plaintiff that she could not take the drug test without a release to return to work on the day of the test.

24. On July 23, 2014, the Plaintiff received a voicemail message to come to a meeting at the Defendant's offices on July 24.  Plaintiff was unable to attend that meeting due to illness.

25. On July 25, 2014, Plaintiff received a letter, dated July 24, 2014, advising her that her employment had been terminated for willful failure to take a drug test.

26. Plaintiff had never been required to take a drug test prior to returning to work from previous family medical leaves.

27. Other employees were not required to undergo drug tests prior to returning to work.

28. Plaintiff did not refuse to take a drug test, and was at all times willing to do so.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §12101

29. Plaintiff incorporates Paragraphs 1 through 28 above as though the same were fully set forth at length herein and made a part hereof.

30. The Plaintiff suffered from medical conditions which impacted her ability to perform one or more major life functions, including the following:

      a. Breast cancer;

      b. Diabetes;

      c. Hypothyroidism;

      d. Severe anxiety and depression;

      e. Obesity requiring gastric bypass surgery.

31. The Plaintiff was capable of performing the essential functions of her job as of the date of her termination of employment, with or without accommodation.

32. The Defendant terminated the Plaintiff's employment because of her disabilities, or because it perceived her to be disabled, as it perceived that the Plaintiff was addicted to drugs and perceived that the Plaintiff was disabled as a result of her several medical conditions and mental health conditions, as listed above.

33. As a direct and proximate result of the termination of the Plaintiff's employment in violation of the Americans With Disabilities Act, the Plaintiff has suffered all of the following damages:

      a. Loss of income from employment;

      b. Loss of fringe benefits of employment;

      c. Extreme emotional anguish and distress;

      d. Attorney fees and costs.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests an award in her favor for all economic and non-economic damages, including back pay, front pay, lost fringe benefits, compensatory damages, attorney fees, costs and all other relief to which she is entitled.

## COUNT II

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, FAILURE TO ACCOMMODATE

34. Plaintiff incorporates Paragraphs 1 through 31 above as though the same were fully set forth at length herein and made a part hereof.

35. The Plaintiff had requested assistance with her mental health and emotional issues in her discussions with the Defendant's Human Resources representative, in which she revealed her use of marijuana to deal with pain issues.

36. The Plaintiff agreed to seek help with Employee Assistance Program upon a referral by the employer.

37. Rather than permitting this accommodation, the Defendant terminated the Plaintiff's employment, allegedly for violating the employer's drug policy.

38. The employer does not routinely apply its return to work drug policy against all employees.

39. The Defendant's actions violated the Americans with Disabilities Act by failing to accommodate the Plaintiff's request for assistance after her voluntary admission of a single instance of marijuana use.

40. As a direct and proximate result of the Defendant's violation of the Americans with Disabilities Act, the Plaintiff has suffered all damages and injuries as enumerated in Count I above.

WHEREFORE, Plaintiff demands judgment against the Defendant and requests an award of back pay, front pay, lost fringe benefits, compensatory damages, attorney fees, costs and all other relief to which she is entitled.

## COUNT III

## <u>FAMILY MEDICAL LEAVE ACT, 29 U.S.C. §12101 ET ESQ.</u>

41. Plaintiff incorporates Paragraphs 1 through 40 above as though the same were fully set forth at length herein and made a part hereof.

42. The Plaintiff exercised her rights to family medical leave on at least four separate occasions.

43. Plaintiff had attempted to return to work following her last exercise of family medical leave, on July 21, 2014.

44. When she attempted to return to work, her doctor determined that she remained unable to work as a result of her serious medical condition, complications from hernia surgery, and notified the employer of that fact.

45. The Defendant terminated her employment in violation of the Family Medical Leave Act, as it failed to return her to her position following her valid exercise of that leave, and terminated her employment while she was still treating for her serious medical condition. In addition, or in the alternative, the Defendant retaliated against the Plaintiff for her exercise of family medical leave by terminating her employment.

46. As a direct and proximate result of the Defendant's violation of the Family Medical Leave Act, the Plaintiff has suffered all of the damages enumerated in Count I above.

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests an award of back pay, front pay, lost fringe benefits, compensatory damages, attorney fees, costs and all other relief to which she is entitled.

## COUNT IV

### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT

47. Plaintiff incorporates Paragraphs 1 through 45 above as though the same were fully set forth at length herein and made a part hereof.

48. The Defendant's actions, as enumerated above, in violation of the Americans with Disabilities Act, also violate the Pennsylvania Human Relations Act, 43 P.S. §949 et seq.

49. As a direct and proximate result of the Defendant's violation of the Family Medical Leave Act, the Plaintiff has suffered all of the damages enumerated in Count I above.

WHEREFORE, the Plaintiff demands judgment against the Defendant and requests an award of back pay, front pay, lost fringe benefits, compensatory damages, attorney fees, costs and all other relief to which she is entitled.

**JURY TRIAL DEMANDED ON ALL COUNTS.**

Respectfully submitted,

s/Melvin L. Vatz, Esq.
Melvin L. Vatz, Esq.
Pa.I.D. #23655
mlv@ggvlaw.com
Grossinger Gordon Vatz, LLP
429 Fourth Avenue, Suite 1000
Pittsburgh, PA 15219
(412) 391-3030
Attorney for Plaintiff