IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERESA RUSSELL,

      Plaintiff,                                15cv0553
                                                          **ELECTRONICALLY FILED**

      v.

HOUSING AUTHORITY OF THE CITY OF
PITTSBURGH,

      Defendant.

**MEMORANDUM ORDER Re: DEFENDANT'S MOTION IN LIMINE
TO PROHIBIT TESTIMONY CONCERNING
REFERRAL TO EMPLOYEE ASSISTANCE PROGRAM (Doc No. 63)**

In this action, Plaintiff Theresa Russell alleges violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*; and the Pennsylvania Human Relations Act (PHRA), 43 P.S. against her former employer, Defendant Housing Authority of the City of Pittsburgh. Doc. No. 1. The Court granted summary judgment for Count II of Plaintiff's Complaint - - which alleged a failure to accommodate a disability under the ADA - - as Plaintiff conceded to Defendant's Motion for Summary Judgment for that count. Doc. No. 51. Trial of Counts I, III, and IV of Plaintiff's Complaint will commence on March 7, 2016.

Presently before the Court is Defendant's Motion in Limine to preclude "the introduction of or any reference to an alleged statement of [a human resources generalist] referring Plaintiff to an employee assistance program[.]" Doc. No. 63. Defendant argues that this evidence should be excluded as irrelevant pursuant to Fed. R. Evid. 402 or that it should be excluded as highly prejudicial, misleading, and confusing to the jury pursuant to Fed. R. Evid. 403. Doc. Nos. 63,

64. Plaintiff contends that the evidence is relevant and that the probative value of the evidence outweighs any danger of prejudice, confusion, or misleading of the jury. Doc. No. 73.

### A. The Evidence is Relevant

In support of its argument that alleged statements by human resources personnel referring an employee to an employee assistance program are irrelevant to claims under the ADA, FMLA, and/or PHRA, Defendant cites several cases in which courts have found that such evidence, on its own, was not sufficient to sustain a *prima facie* claim under the ADA. Doc. No. 64. However, each of the cases cited by Defendant were rulings on motions for summary judgment - - not rulings on motions in limine regarding evidence which may be presented at trial. *See Tice v. Centre Area Transp. Auth.*, 247 F.3d 506 (3d Cir. 2001); *Strayer v. New Enter. Stone & Lime Co.*, 2006 U.S. Dist. LEXIS 68568 (W.D. Pa. 2006); *Behanna v. Monongahela Valley Hosp.*, 2010 U.S. Dist. LEXIS 112946 (W.D. Pa. 2010); *Paul v. Lenox Hill Hosp.*, 2016 U.S. Dist. LEXIS 16548 (E.D.N.Y. 2016); *Conrad v. Bd. of Johnson County Comm'rs*, 237 F. Supp. 2d 1204 (D. Kan. 2002); and *Zeygart v. Bd. of County Comm'rs*, 2007 U.S. Dist. LEXIS 54476 (D. Kan. 2007).

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The standard is not, as Defendant's argument suggests, whether or not the evidence standing alone can set forth an element of a claim or defense in the action.

Plaintiff asserts that the evidence will be presented to the jury to show that Plaintiff was following Defendant's policies and should not have been terminated because she was in compliance with them (doc. no. 73) - - such evidence can be probative of a discriminatory intent to terminate an employee. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994) (The

factfinder may infer from the combination of the plaintiff's *prima facie* case and its own rejection of the employer's proffered non-discriminatory reasons that the employer unlawfully discriminated against the plaintiff and was trying to conceal its discriminatory action.)

The July 21, 2014 conversation between Plaintiff and a human resources generalist - - which the Parties' stipulated facts show was the event that led to Defendant's termination of Plaintiff - - is ostensibly the crux of the claims and defenses in this lawsuit. Doc. No. 78. The evidence at issue in this motion in limine is allegedly a portion of the conversation that occurred between Plaintiff and a human resources generalist, which Plaintiff alleges led her to take the actions which resulted in her termination, and is therefore relevant.

**B. The Probative Value of the Evidence Outweighs the Danger of Prejudice or Confusion**

Even relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant argues that this relevant evidence should be excluded because Plaintiff's failure to accommodate claim (Count II of the Complaint) has been dismissed. Doc. No. 64, pp. 5-7. Defendant cites caselaw pertaining to evidence excluded by courts because it relates to claims which had not been brought by the plaintiff or which were otherwise not before the court. *Id.*

That argument, however, rests on an underlying belief that the evidence at issue here could only potentially support a failure to accommodate claim - - and could not support Plaintiff's claims for termination because of her disability, termination because Defendant regarded her as disabled, or termination due to Plaintiff's use of leave time under the FMLA. Again, Plaintiff argues that she will present this evidence to show that she was in compliance with Defendant's policies and should not have been terminated under them - - not to show

entitlement to a reasonable accommodation under the ADA. Doc. No. 73. The Court finds that the probative value of this evidence outweighs any potential for prejudice, confusion, or the misleading of the jury.

C. **Conclusion**

Accordingly, Defendant's Motion in Limine to Prohibit Testimony Concerning Referral to Employee Assistance Program is DENIED.

SO ORDERED, this 22nd day of February, 2016

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge